United States District Court
Southern District of Texas
**ENTERED**
December 30, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD ALLEN HALL, §<br>*Petitioner*, §<br>§<br>v. §<br>§<br>LORIE DAVIS, §<br>Director of the Texas Department of §<br>Criminal Justice - Correctional §<br>Institutions Division, §<br>*Respondent*. § | CIVIL ACTION NO. 4:16-CV-02846 |

## MEMORANDUM AND RECOMMENDATION

Petitioner Richard Allen Hall, a Texas state inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his sexual assault conviction. Dkt. 1. The matter was referred to this magistrate judge by District Judge Lynn N. Hughes. Dkt. 4. Respondent filed a motion for summary judgment. Dkt. 6. After reviewing the record, the Court recommends that the petition be denied as time-barred.

## BACKGROUND

On November 2, 1992, Hall pleaded guilty to three counts of aggravated sexual assault of a child. Dkt. 6 at 2. The trial court deferred an adjudication of guilt and placed Hall on probation for a ten year period. *Id.* After finding that Hall violated the terms of his probation, the 351st District of Harris County gave Hall a 25-year sentence on September 17, 1998. Dkt. 1 at 2. Hall's conviction was affirmed by the Fourteenth Court of Appeals. Dkt. 1 at 3. The Texas Court of Criminal Appeals denied Hall's petition for discretionary review. *Id.* That court also denied Hall's state habeas application on August

13, 2003, without a written order based on the findings of the trial court. *Id.* at 4. Between October 2, 2012 and September 23, 2015, Hall filed three more state habeas applications challenging his conviction, and all three were dismissed as subsequent applications. Dkt. 6 at 4. Hall filed this petition on or about September 15, 2016. Dkt. 1.

## ANALYSIS

Hall asserts multiple grounds for habeas relief, challenging both his 1992 guilty plea in deferred adjudication and the 1998 revocation resulting in his conviction and twenty-five year sentence. Among other things, Hall claims that his guilty plea was involuntary, the government withheld exculpatory evidence, trial counsel rendered ineffective service, he is actually innocent, and that sex offender registration requirements imposed after 1992 subjected him to ex post facto and due process violations. While the state concedes that Hall's petition is not subject to the successive petition bar, it does argue that the petition is time barred. The Court agrees.

Hall's petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). As applied to Hall, a habeas petition filed by a person in state custody is subject to a one-year period of limitations which runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Since Hall was placed on, then revoked from, deferred adjudication probation, he has two separate limitation dates. *See Caldwell v. Dretke*, 429 F.3d 521, 527-30 (5th Cir. 2005). Deferred adjudication and probation were determined on September 2, 1992, and so the decision became final 30 days later when Hall failed to move for a new trial. Tex.

R. App. P. 21.4(a). A state habeas application asserting any claims arising at the time of the placement on deferred adjudication probation in 1992 should have been filed on or before April 24, 1997, one year after the AEDPA took effect. No such application was filed. Thus, any claims in this petition relating to the deferred adjudication are time-barred.

Probation was revoked and a sentence of 25 years was imposed September 17, 1998. The Fourteenth Court of Appeals affirmed his conviction on August 31, 2000. *Id.* at 3. Hall's petition for discretionary review was denied March 21, 2001. *Id.* Thus, the conviction became final ninety days later, on June 21, 2001, when the time for filing a writ of certiorari with the United States Supreme Court expired. Sup. Ct. R. 13.1. The deadline for any state habeas application was one year later, June 21, 2002. Hall's first state habeas application was properly filed on October 4, 2001 and dismissed on August 13, 2003, effectively tolling the limitation date for approximately 600 days. (The remaining state habeas applications were not filed timely and did not toll the limitations period). Any claims challenging the adjudication hearing or 25-year sentence should have been filed in April 2004. This habeas petition was filed September 15, 2016, well beyond the tolled time period. Therefore, Hall's claims are time barred under the statutory limitation period. 28 U.S.C. § 2244(d).

Nor does the doctrine of equitable tolling assist this petitioner. A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" and prevent timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Hall is unable to meet either

3

requirement. He has been aware of the circumstances surrounding the probation and subsequent revocation, all relevant evidence, and any alleged shortcomings of counsel since his judgments in 1992 and 1998. Therefore, Hall is not entitled to equitable tolling and the petition should be dismissed as time-barred.

## CONCLUSION

For these reasons, the Court recommends that Hall's petition be denied with prejudice. All remaining motions should be terminated as moot. The Court further finds that Hall has not shown that it is debatable whether this Court is correct in its ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the Court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this memorandum and recommendation to file written objections. Failure to timely object will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas, on December 30, 2016.

_____
Stephen Wm. Smith
United States Magistrate Judge